UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JERMAINE NIBBS,

                                                 Plaintiff,

                          -against-

DET. GEORGE GOULART, Shield No. 5792,
Individually and in his Official Capacity, and
UNDERCOVER OFFICER # 0077, Individually and in his
Official Capacity,

                                       Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED**
**JURY CHARGE**

10 CIV 3799 (VM)

        Defendants Detective George Goulart and Undercover Officer # 0077, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, request, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the jury[1].

---

[1] Defendants intend to rely on the defense of qualified immunity, about which they will brief the Court. As the Court in Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007), and Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law. Thus, defendants submit that the jury should not be charged on qualified immunity. Defendants also submit that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the court can then determine, as a matter of law, the ultimate question of qualified immunity.

## PART I: GENERAL INSTRUCTIONS.[2]

### INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference when you begin your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

---

[2] Defendants respectfully reserve the right to include additional substantive jury charges, if necessary, at the time of trial based upon the proceedings. These instructions were taken directly from and/or adapted from the jury charges given in the following cases: Guy Coston v. City of New York, 05 Civ. 4781 (HB) (S.D.N.Y. 2007); Anthony Estes v. Sgt. Pappas, et al., 01 CV 5158 (SLT) (E.D.N.Y. 2008); James Adams v. City of New York, et al., 07 CV 2417 (SJ) (E.D.N.Y. 2010); Marcus Blue v. City of New York, et al., 07 Civ. 6471 (GEL) (S.D.N.Y. 2009), Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil § 71.06., and Schwartz, Section 1983 Litigation: Jury Instruction Volume 4.

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, counsel for the plaintiff and defendants may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true. Also, you may not consider any answer that I directed you to disregard or what I

directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartially

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

## INSTRUCTION NO. 4

### Burden of proof; Preponderance of the Evidence

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claims by a preponderance of the credible evidence.

The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  It does not mean the greater number of witnesses, or how much time either side employs in the trial.  The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

In this civil trial, it is plaintiff's burden to establish every element of his claim by a preponderance of the credible evidence. If plaintiff fails to prove, by a preponderance of the evidence, any element of any of his claim, then you must find for the defendants.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

## INSTRUCTION NO. 6

### Evidence to be Considered

The evidence upon which you are to decide what the facts are in this case comes either from:

1. Sworn testimony of witnesses, including prior sworn testimony such as a deposition – both on direct and cross-examination and regardless of who called the witness.

2. Exhibits that the court received into evidence.

3. Stipulation:  A stipulation of fact (if there is any) is an agreement among the parties that a certain fact is true.  You must regard such facts as true.

### What is Not Evidence

Certain things are not evidence and are to be disregarded in deciding what the facts are:

1. Arguments or statements by lawyers; including openings and summations;

2. Objections to questions;

3. Testimony that has been excluded, stricken, or that you have been instructed to disregard;

4. Anything you may have seen or heard outside the courtroom is not evidence.

## INSTRUCTION NO. 7

### Witness Credibility

It must be clear to you by now that the parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to? For instance Jermaine Nibbs and George Goulart and Undercover Officer # 0077 are interested witnesses. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the

case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.

## INSTRUCTION NO. 8

### Multiple Defendants

The plaintiff alleges the he has a right of recovery against all defendants.  Plaintiff claims that Undercover Officer #77 falsely arrested him, and defendants Undercover Officer #77 and Detective George Goulart maliciously prosecuted him and denied him a right to a fair trial.  However, before I instruct you on the legal element of plaintiff's claims, I wish to instruct you that you must consider each defendant's involvement in plaintiff's alleged claims separately.

You must return a separate verdict on each defendant.  In reaching your verdict, bear in mind that liability is individual.  Your verdict must be based solely upon the evidence, or lack of evidence, about each defendant.  The case against one defendant stands or falls upon the proof or lack of proof against that defendant alone.  In other words, each defendant is entitled to a fair consideration of his or her own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against the other defendant.  Unless otherwise stated, all instructions given to you govern the case as to each defendant.

## INSTRUCTION NO. 9

### Discrepancies in Testimony

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

## INSTRUCTION NO. 10

### *Falsus In Uno / Falsus In Omnibus*

If you decide that a witness has deliberately testified falsely about a material point (that is, about a matter that could affect the outcome of this trial,) you may for that reason alone choose not to believe the rest of his or her testimony, but you are not required to do so. You should consider not only the deliberate falsehood but also all other factors bearing on the witness' credibility in deciding whether to believe other parts of his or her testimony.

## Part II:  SUBSTANTIVE LAW[3]

## INSTRUCTION NO. 11

### Section 1983

I will now instruct you on the law that governs each claim.

Plaintiff brings this action under the Federal Civil Rights Act, Title 42 of the United States Code, section 1983, which reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ….

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows a plaintiff to enforce rights guaranteed by the federal Constitution.  Later in these instructions, I will explain to you what the specific federal constitution rights at issue in this case are and what the plaintiff must prove to demonstrate a violation of their rights.

### Elements

To establish a claim under Section 1983 against Detective George Goulart and Undercover Officer # 0077, plaintiff must prove, by a preponderance of the credible evidence, each and every one of the following:

First, that the conduct complained of was committed by a person acting under color of state law;

---

[3] These substantive instructions were taken directly from and/or adapted from the jury charge given by The Honorable Sidney H. Stein in the case of Reginald Boswell v. P.O. Collazo, 10 Civ. 3712 (SHS).

Second, that this conduct deprived him of a right protected by the Constitution of the United States; and

Third, that the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

I instruct you that the parties stipulate and agree that the defendant officers were acting under color of state law on the date of the incident in question. Therefore, you need not consider the first element since it is already established. I will now explain the second and third elements in more detail.

### Second Element: Deprivation of a Right

In considering the second element of the plaintiff's claims against defendants, that is, that he was deprived of a federal right, plaintiff must prove each of the following by a preponderance of the credible evidence:

First, that the defendants committed the acts alleged by plaintiff;

Second, that those acts caused plaintiff to suffer the loss of a federal right;

Third, that in performing the acts alleged, defendants acted intentionally or recklessly.

I will now explain each of these elements to you.

You must first determine whether defendants committed the alleged acts. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for plaintiff to prevail on his claims, there must be some evidence of personal involvement by defendants. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a

determination of personal involvement for the defendants for the constitutional violations alleged by the plaintiff. If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation. If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on and determine whether plaintiff has proved the other elements of his claims regarding the deprivation of his constitutional rights.

Second, if you determine that a defendant committed those acts, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right. Plaintiff alleges that defendants falsely arrested him, subjected him to excessive force, and maliciously prosecuted him.

Third, the plaintiff must establish that defendants acted intentionally or recklessly. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether defendants acted with the requisite state of mind, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to rely on your understanding of what was done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

### Third Element: Proximate Cause

The third element which the plaintiff must prove by a preponderance of the credible evidence is that defendants' acts were a proximate cause of the injuries sustained by the

plaintiff.  Proximate cause means that there must be a sufficient causal connection between the defendants' acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, defendants are not liable if the plaintiff's injuries were caused by conduct independent of the defendant's act or omission or if such conduct produced a result which was not reasonably foreseeable to defendants.

### False Arrest

Plaintiff alleges that he was falsely arrested by UC #77 on December 23, 2009. The defendants contend that the arrest of plaintiff was lawful because there was probable cause to arrest plaintiff under the laws of the State of New York.

An arrest is a seizure.  The Fourth Amendment to the United States Constitution provides that arrests made without a warrant may only be made under situations where there is probable cause to believe that a person has engaged or is engaged in a violation of the law.

As to this claim, the critical question for you to decide is whether the arrest of the plaintiff was lawful.  Under the facts in this case, whether an arrest was lawful centers on whether the arrest was made by one or more of the individual defendants acting on probable cause to believe that the plaintiff had committed or was committing a violation of law.

The burden of proof is upon the defendant to prove by a preponderance of the evidence that there was probable cause to believe that the plaintiff committed or was committing a violation of law.

Probable cause, often referred to as reasonable cause, exists when an officer has knowledge of facts and circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience, that it is reasonably likely that the person arrested committed or is committing an offense. Probable cause requires only the probability of criminal activity. It does not require an actual showing of criminal activity. Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983). Moreover, it is not necessary to show that there was reasonable cause for each possible offense that an arrestee committed or was committing. The officer need only have reasonable cause to believe that the arrestee was committing or had committed any offense. An arrest made with reasonable cause is lawful even though the plaintiff may not have committed any of the offenses for which he was arrested. Devenpeck v. Alford, 543 U.S. 146, 154 (2004); Jaegly v Couch, 439 F.3d 149, 154 (2d Cir. 2006); Trejo v. Perez, 693 F.2d 482, 485 (5th Cir. 1982) (quoting United States v. Atkinson, 450 F.2d 835, 838 (5th Cir. 1971), cert. denied, 406 U.S. 923; United States ex rel. LaBelle v. La Vallee, 517 F.2d 750, 754 (2d Cir. 1975); United States v. Martinez, 465 F.2d 79, 81 (1972); Lauro v. City of New York, 39 F. Supp. 2d 351, 361-62 (S.D.N.Y. 1999); Laborde v. City of New York, No. 93 Civ. 6923, Jury Charge by the Hon. John G. Koeltl (S.D.N.Y. July 1998).

In fact, the police officer's subjective reason for making the arrest need not be the criminal offense with which the plaintiff was actually charged. Moreover, an officer need not be polite while making an arrest. Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"); Mistretta v. Prokesch, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998) ("Even less savory ulterior motives are irrelevant as long as the facts available to the arresting officer satisfy the probable cause standard"); Stokes v. City of New York, 05-CV-0007 (JFB) (MDG), 2007 U.S. Dist. LEXIS

32787, at *31 (E.D.N.Y. May 3, 2007) (holding that plaintiff's arguments regarding the officer's alleged lack of credibility and purported improper motives for the arrest are unavailing because they have no bearing on the probable cause analysis).

Probable cause does not require proof beyond a reasonable doubt, or even proof by a preponderance of the evidence. See Cooke-Harris v. City of New York, No. 05 Civ. 2081, Jury Charge by the Hon. Samuel Conte (S.D.N.Y. October 2008). In dealing with probable cause, we deal with probabilities. These are not technical concepts. They are factual and practical considerations of everyday life, on which reasonable and prudent persons act. The existence of probable cause is measured at the moment of arrest, not on the basis of later developments. Whren, 517 U.S. at 817-18 (1996); Gates, 462 U.S. at 230-32. The arrestee's actual guilt or innocence is irrelevant to the determination of reasonable cause. The function of law enforcement officers is to apprehend those suspected of wrongdoing, not to determine guilt through a weighing of the evidence.

Additionally, probable cause can exist when an officer makes an arrest based on his or her own observation of a hand-to-hand drug transaction, even though no drugs were recovered from the suspected seller. See United States v. Washington, 2003 U.S. Dist. LEXIS 8893 (S.D.N.Y. May 29, 2003); Sam v. Brown, 2002 U.S. Dist. LEXIS 17714 (E.D.N.Y. Sep. 10, 2002) (probable cause to arrest even though arrestee was not in possession of drugs at time of arrest where officer observed arrestee exchange small object for money with an alleged buyer, and the buyer was later found to be in possession of drugs).

Now, in order that you may assess whether there was reasonable or probable cause to arrest the plaintiff for any offense, I will instruct you briefly on the elements of each offense for which the individual defendants contend there was probable cause. Bear in mind,

however, that the issue for you is only whether there was probable cause to arrest plaintiff for any of the offenses I am about to mention regardless of whether the plaintiff was, in fact, guilty of any offense.

Plaintiff was arrested on December 23, 2009 for Criminal Sale of a Controlled Substance in the Third Degree. Under the law,

> A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells a narcotic drug.

(N.Y. Penal Law §220.39)

Stemming from his arrest on December 23, 2009, plaintiff was charged with: Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree. Criminal Possession of a Controlled Substance in the Third Degree is defined under Section 220.16 of the New York State Penal Law as follows:

> A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it.

(N.Y. Penal Law §220.16)

Criminal Possession of a Controlled Substance in the Seventh Degree is defined under Section 220.03 of the New York State Penal Law as follows:

> A person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses a controlled substance.

(N.Y. Penal Law §220.03)

If, after considering all of the evidence, you find that, for each arrest, there was probable cause to arrest the plaintiff for *any* one, or even more than one, of the offenses that I have just described to you, then you must find in favor of the individual defendants with respect

to plaintiff's false arrest claims. In other words, if you find that the plaintiff's conduct amounted to any one of the offenses I have described to you, then there was probable cause for the plaintiff's arrest, and you must find in favor of the individual defendants on that claim.

### Collective Knowledge Doctrine

The law recognizes what is called the collective knowledge doctrine.  Under the collective knowledge doctrine, an arrest is permitted by an officer who lacks specific information justifying the arrest so long as other officers initiating or involved in the investigation have sufficient information to form the basis for probable cause.  This rule exists because, in light of the complexity of modern police work, every officer cannot always be aware of every aspect of an investigation.  Sometimes the authority to arrest a suspect is based on facts known only to his fellow officers.   In essence, where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed by all. Illinois v. Andreas, 463 U.S. 765, 771 n.5 (1983); United States v. Colon, 250 F.3d 130 (2d Cir. 2001).

### Malicious Prosecution Claim.

Plaintiff also claims that the prosecution initiated against him after his arrest was done with malicious intent.  This claim is called malicious prosecution and it is pled against both UC #77 and Detective Goulart.

### Elements of a malicious prosecution claim.

You are instructed that, under the law, plaintiff must prove the following elements by a preponderance of the credible evidence in order to establish that he was maliciously prosecuted: (1) that UC #77 and Detective Goulart either commenced or continued a criminal prosecution against the him; (2) that the proceeding terminated in plaintiff's favor; (3) that there was no probable cause for the criminal proceeding; (4) that the criminal proceeding was

instituted with actual malice; and (5) post-arraignment deprivation of liberty. Rohman v. New York City Transit Auth., 215 F.3d 208, 215-16 (2d Cir. 2000).   The parties agree that plaintiff meets elements 1 and 5. Therefore, I instruct you that only elements 2, whether there was a favorable termination of the underlying criminal proceedings; 3, whether there was probable cause for the criminal prosecution; and 4, whether the proceeding was initiated with actual malice, are in dispute. I will now discuss these three elements.

**Second element:  termination of the criminal proceedings in plaintiff's favor.**

Whenever a prosecution does not result in the acquittal of the accused, it is deemed to have ended in favor of the accused *only* when the final disposition is such as to indicate the innocence of the accused.  A mere dismissal of the charges does not mean that the criminal prosecution terminated in the accused's favor.  There are many reasons why charges are dismissed that do not involve the merits of the case.  Absent a clear indication that the charges were dismissed because the accused was innocent, the termination is not considered favorable for purposes of a malicious prosecution claim. Even dismissal of a criminal prosecution, under New York law, "at the prosecution's request because they did not believe they could meet their burden at trial" does not constitute favorable final termination.  McNamara v. City of New York, No. 06 Civ. 5585 (LTS), 2009 U.S. Dist. LEXIS 22639 at *17-18 (S.D.N.Y. Mar. 20, 2009) (citing Breytman v. Olinville Realty, LLC, 46 A.D.3d 484 (1st Dep't 2007) and Slatkin v. Lancer Litho Packaging Corp., 33 A.D.3d 421 (1st Dep't 2006) and finding malicious prosecution claim against officers fails because there is no indication in the record that the criminal prosecution against plaintiff was terminated in his favor). In other words, if you find that the question of plaintiff's guilt of innocence remained unanswered when the court dismissed the charges, then

the criminal prosecution cannot be said to have terminated favorably to the plaintiff, and you must find for the defendants in this case.

### Third element:  probable cause for the criminal prosecution.

Whether probable cause existed depends upon whether a reasonably prudent person would have believed that the plaintiff was guilty of the crimes charged on the basis of the facts known to the defendant at the time the prosecution was initiated, or on the basis of what the defendant reasonably believed to be true. The fact that UC #77 and Detective Goulart personally believed that the plaintiff was guilty is not enough if a reasonably prudent person would not have believed that to be so. On the other hand, the fact that a district attorney ultimately chose not to pursue the charges does not establish that UC #77 and Detective Goulart lacked probable cause at the time the prosecution was initiated. The question on the issue of probable cause is not whether the plaintiff was in fact guilty or innocent, or whether Detective Goulart was in fact mistaken or correct, but rather whether, on the facts known to or reasonably believed by UC #77 and Detective Goulart, a reasonably prudent person would have believed the plaintiff was guilty. Unlike his false arrest claim, plaintiff bears the burden of proving by a preponderance of the evidence that UC #77 and Detective Goulart did not have probable cause to prosecute him.

In this case, a criminal prosecution was initiated against plaintiff for the crimes of: Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree. I have already described these crimes and their elements to you. UC #77 and Detective Goulart contend that, at the time he initiated the prosecution, plaintiff engaged in various acts that warranted those charges. If you find that the facts were as UC #77 and Detective Goulart claim and that, based on those facts, a reasonably prudent person would have believed

that plaintiff had committed one or more of the crimes I have just listed, your finding must be that defendants had probable cause for believing that plaintiff was guilty and you need proceed no further. If, however, you find that the facts were not as defendants claim, that UC #77 and Detective Goulart were not reasonable in their beliefs as to the facts, or that it was not reasonable for UC #77 and Detective Goulart to have believed that plaintiff committed the one or more of the crimes, your finding must be that defendants did not have probable cause to believe that plaintiff was guilty. You will then proceed to consider whether UC #77 and Detective Goulart acted maliciously in initiating the prosecution.

### Fourth element:  criminal proceeding instituted with actual malice.

If you find that there was no probable cause for the criminal prosecution, then you will consider the fourth element that the plaintiff must prove in order to establish his claim for malicious prosecution:  whether the criminal proceedings were instituted with actual malice.

In order to prove that a defendant acted with actual malice, the plaintiff needs to show that the defendant initiated the prosecution for an improper motive, in other words, for a reason other than to see that justice is served. Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 502-03, 406 N.Y.S.2d 443, 445 (1978)).

Malice may be inferred from a lack of probable cause.  See Lowth, 82 F.3d at 573; see also Baba-Ali v. City of New York, 979 F. Supp. 268, 277 (S.D.N.Y. 1977).  However, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed. Sulkowska v City of New York, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001).

A prosecution is initiated maliciously if it is brought out of personal ill will, or for a purpose other than bringing an offender to justice. A prosecution may also be initiated maliciously if it is brought in reckless disregard of the rights of the person accused. The phrase "reckless disregard of the rights of the person accused" means initiation of the prosecution without any reasonable ground for belief that plaintiff was guilty. If you find that Detective Goulart did not have probable cause for believing that the plaintiff was guilty at the time he initated the prosecution, you may, although you are not required to, infer from that fact alone that he acted maliciously. If you find that UC #77 and Detective Goulart gave false or incomplete statements of the facts to the district attorney, your finding will be that he acted maliciously. If you find that UC #77 and Detective Goulart did not act maliciously, you must find for them, even though you find that they did not have probable cause to believe that the plaintiff was guilty. As in the case of false arrest, to find UC #77 and Detective Goulart liable you must find that they acted intentionally or recklessly to deprive the plaintiff of his rights.

### Denial of a Right to Fair Trial Claim.

Plaintiff also claims that the false statements made by UC #77 and Detective Goular denied him a right to a fair trial. A civil rights plaintiff may bring this allegation against an officer who creates false information likely to influence a jury's decision and who then forwards that information to prosecutors. This claim is called denial of a right to a fair trial. Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997). The Second Circuit has only recognized a constitutional right not to be deprived of *liberty* as a result of the fabrication of evidence by an officer. Zahrey v. Coffey, 221 F.3d 342, 349 (2d Cir. 2000). Accordingly, to prevail on this claim, the plaintiff must show that defendants fabricated evidence and that this fabrication was material to plaintiff's conviction.

### PART III:  DAMAGES

I have a few cautionary instructions to give you before I define the types of damages you may award if the plaintiff has proved liability according to the standards I have just set forth.  Even though I am going to instruct you now on how to award damages, it does not mean that I have any opinion on whether or not the defendants should be held liable. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the credible evidence by plaintiff in this case according to the instructions I have given to you.

### Damages:  Compensatory damages.

If you believe that the plaintiff has proven every element of his claims by a preponderance of the credible evidence, then, and only then, should you consider the issue of damages.  If you return a verdict for the defendants, then you need not consider damages.

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of defendants. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole - - that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by defendants. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by defendants and that are a direct result of conduct by defendants that was a violation of plaintiff's constitutional right to be free from excessive force.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries or based on sympathy, but only for those injuries which the plaintiff has actually suffered. Compensatory damages must be based on the evidence presented at trial, and only on that evidence.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

**Multiple Claims**

   Plaintiff alleges various claims pursuant to federal law.  You, however, cannot award damages more than once for the same injury.  For example, if plaintiff were to prevail on his false arrest claim and establish damages in a particular amount, you could not award him those same damages on his malicious prosecution claim — he is only entitled to be made whole again, not to recover more than he lost.  Of course, if different injuries are attributable to separate claims, then you must compensate him fully for all the injuries.

**Nominal damages.**

   If you return a verdict for the plaintiff, but then find that plaintiff failed to prove by a preponderance of the credible evidence that he suffered any compensatory damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar.  This is called nominal damages.

   Nominal damages may be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore, if you find that plaintiff has suffered no injury as a result of defendants' conduct other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.

**Damages:  final word.**

   Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are

required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

### PART IV: CONCLUDING INSTRUCTIONS

### Selection of Foreperson; Right to See Exhibits and Hear Testimony:

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law.  I will shortly send you as well a verdict form on which to record your verdict.  If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.

If you want any of the testimony, that can also be provided, either in transcript or readback form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

**<u>Verdict; Need for Unanimity; Duty to Consult</u>**

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

**<u>PLAINTIFF'S REQUESTS TO CHARGE</u>**

**<u>Introductory Remarks</u>**

Members of the jury, you are about to enter your final duty, which is to decide the fact issues in this civil case. Before you do that, I will instruct you on the law. Please pay close attention to me now. I will be as clear as possible.

**<u>Role of the Court</u>**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

### Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions [about a fact issue] to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine --that controls.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff or the defendant has presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses. **It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey an opinion, you would not be obliged in any way to follow it.**

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of the witnesses.

### Burden of Proof

As this is a civil case, the plaintiff, JERMAINE NIBBS, has the burden of proving his claims and damages by a preponderance of the evidence. However, as I will instruct you later on, defendants have the burden of proving that there was probable cause for plaintiff's arrest. This means that the Plaintiff has the burden of proving by a preponderance of the evidence each and every disputed element of his claims and the damages resulting therefrom. If you find that the Plaintiff has failed to establish one of his claims by a preponderance of the evidence, you must decide against him on the issue you are considering.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence; that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the Plaintiff to prevail on one of his claims, the evidence that supports his claim must appeal to you as more nearly representing what took place than the evidence opposed to his claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the Plaintiff.

This concept of preponderance of the evidence is often illustrated with the idea of scales. You put on one side all of the credible evidence favoring plaintiff and on the other all the credible evidence favoring defendant. If the scales tip toward the plaintiff because plaintiff's evidence is weightier, you must find in plaintiff's favor. But if the scales are evenly balanced, or if they tip in defendant's favor, then you must find for the defendant. Remember, it is the plaintiff's burden to prove his case. The defendant is in court only because the plaintiff says he has claims against the defendant.

Some of you no doubt have heard of "proof beyond a reasonable doubt", which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does not have to satisfy that requirement, and you should put it out of your mind.

### Evidence/What is Not Evidence

The evidence from which you are to decide what the facts are consists of:

1)    the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2)    the documents, the videotape, the audiotape, and other exhibits which may have been received into evidence;

3)    any facts to which all the lawyers may have agreed or "stipulated"; and

4)    any fact which I may have instructed you to accept as true.

Nothing else is evidence; not what the lawyers say, not what I say, not anything you heard outside the courtroom.

## Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses -- i.e. something seen, felt, touched, heard or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no

direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

It is for you to decide whether a fact has been proven by circumstantial evidence. In making that decision, you must consider all the evidence related to that fact in the light of reason, common sense and your experience.

### Inference

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by

either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense.

Keep in mind that the mere existence of any inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence. In order for the plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that he has sustained the burden cast upon him of proving his claims.  If he has failed, then your verdict must be for the defendant.  If you should find that all of the evidence is evenly balanced, then the plaintiff has not sustained the burden of proof and your verdict should be for the defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

### Credibility of Witnesses

You have had the opportunity to observe (all) the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or

lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness appear?  What was the witness' demeanor while testifying?  Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has wilfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness' testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

## Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in

the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

In this case the interested witnesses are plaintiff JERMAINE NIBBS, and defendants DET. GEORGE GOULART, and UNDERCOVER POLICE OFFICER No. 0077.

### Police Officer as Party

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality. The fact that one or more defendant is a police officer entitles him to no greater consideration than that accorded to any other party to a litigation.  By the same token he is entitled to no less consideration.  All parties stand as equals at the bar of justice.

### Introduction To Plaintiff's Claims

In this action against DET. GEORGE GOULART, and UNDERCOVER POLICE OFFICER No. 0077, plaintiff JERMAINE NIBBS seeks compensatory and punitive damages pursuant to Section 1983 of Title 42 of the United States Code for violation of his constitutional rights under the Fourth, and Fifth, Amendments, based upon defendants' role in arresting

plaintiff without a warrant, probable cause, or consent to do so, causing plaintiff to remain in police custody for approximately two (2) days and for providing false evidence and forwarding fabricated evidence to the District Attorney's Office, causing plaintiff to be denied a fair trial and causing plaintiff to be maliciously prosecuted over the course of approximately 4 (four) months.

### The Statute:  42 U.S.C. § 1983

Plaintiff JERMAINE NIBBS brings this action claiming a violation of 42 U.S.C. § 1983, alleging that police officers, DET. GEORGE GOULART and UNDERCOVER POLICE OFFICER No. 0077, acting under color of state law, deprived him of one or more rights, privileges or immunities secured by the constitution, laws or treaties of the United States.

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.  The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states in part that:

Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  It was passed by Congress to enforce the Fourteenth Amendment of the Constitution.  The Fourteenth Amendment provides in relevant part that:

no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

(Authority:  4 Martin A. Schwartz & George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u> (2000) (hereinafter "Schwartz"), Instruction 3.01.1.)

### Elements of a Section 1983 Claim

To establish a claim under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that in so acting, one or more of the individual defendants violated one or more constitutional rights of the plaintiff; and

Third, that a defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

(Authority:  4 L. Sand, J. Siffert, S. Reiss, J. Sexton, J. Thorpe, <u>Modern Federal Jury Instructions</u> (1988) (hereinafter "Sand"), Instruction 87-68.)

### First Element:  Action Under Color of State Law

The first element of plaintiff's claim is that defendants acted under color of state law.

In this case, it is not disputed that, in the incident in question, the individual defendants were acting in their official capacity as a New York City police officers and, therefore, that were acting under color of state law.  The parties agree that the defendants were acting under color of state law.

Your job will be to determine whether plaintiff has established, by a preponderance of the evidence, the remaining two elements of his Section 1983 claim: specifically, whether defendants deprived plaintiff of a constitutional right, privilege, or immunity, and if so, whether defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff.

### Second Element:  Deprivation of a Federal Right

The second element of plaintiff's claim is that he was deprived of a federal constitutional right by one or more of the defendants. Mr. Nibbs claims that his federal constitutional rights were violated in three ways. First, Mr. Nibbs claims that the defendants subjected him to an unlawful arrest without probable cause in violation of his Fourth Amendment rights. Second, Mr. Nibbs claims that the defendants subjected him to excessive force during and after the course of his arrest in violation of his Fourth Amendment rights. Third, Mr. Nibbs claims that the defendants maliciously caused him to be criminally prosecuted without probable cause in violation of his Fourth Amendment rights.

I will instruct you in detail as to what Mr. Nibbs must show to establish each of the claimed violations of his constitutional rights. If you find that Mr. Nibbs meets those requirements as to any one or more of the claimed violations of his constitutional rights, you must find in Mr. Nibbs's favor and award him any damages that were proximately caused by those violations.

Mr. Nibbs need not show that any defendant intended to deprive him of his constitutional rights. The fact that any defendant had no specific intent or purpose to deprive Mr. Nibbs of his constitutional rights will not absolve them from liability if the defendant did in fact deprive Mr. Nibbs of those rights, so long as defendants' acts themselves were intentional rather than accidental.

Source: Hudson v. City of New York, 271 F.3d 62, 68-69 (2d Cir. 2001) (holding that specific intent is not an element of a § 1983 claim).

### The First Part of the Second Element:  Commission of the Acts

You must first determine whether or not the defendants acted in the manner alleged by plaintiff -- that is, that the defendant falsely arrested, caused plaintiff to be maliciously prosecuted, and/or caused plaintiff to be denied a fair trial.

### Introduction to Plaintiff's Substantive § 1983 Claims

Plaintiff makes three substantive claims under the United States Constitution: false arrest, malicious prosecution, and denial of fair trial.  I will now address each of these claims.

### First Substantive Claim: False Arrest

Plaintiff alleges that he was falsely arrested by the defendants, because defendants did not have a warrant, nor did they have a justification recognized by law for his arrest. The defendants contend that the arrest of plaintiff was lawful because there was probable cause to arrest plaintiff under the laws of the State of New York.

Whether probable cause existed depends upon whether a reasonably prudent person would have believed that the plaintiff committed a crime, on the basis of the facts known to the defendants at the time the prosecution was initiated, or what they reasonably believed to be true.

The fact that the defendants personally believed that the plaintiff was guilty is not enough if a reasonably prudent person would not have believed that to be so.  Whren v. United States, 517 U.S. 806, 813 (1996). Probable cause, often referred to as reasonable cause, exists when an officer has knowledge of facts and circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience, that it is reasonably likely that the person arrested committed a crime.

Under the laws of the State of New York an arrest conducted without an arrest warrant is presumptively unlawful. Defendants do not dispute that plaintiff was arrested without a warrant. Therefore, Mr. Nibbs's arrest is presumed to be unlawful and it is the defendants' burden to show by a preponderance of the evidence that they had probable cause to believe that Mr. Nibbs had committed or was about to commit a crime at the time that they arrested him. Raysor v. Port Auth. of N.Y. & N.J., 768 F.2d 34, 39-40 (2d Cir. 1985)

Since there was no arrest warrant, plaintiff's arrest in this case is presumed unlawful and plaintiff need only establish that he was falsely arrested by proving each of the following elements by a preponderance of the evidence: (1) defendants intentionally arrested plaintiff; (2) plaintiff was aware of the arrest; and (3) plaintiff did not consent to that arrest.

In this case defendants do not dispute that they intentionally arrested plaintiff, that plaintiff was aware of the arrest, and that plaintiff did not consent to that arrest.  Defendants contend, however, that plaintiff's arrest was justified because it was supported by probable cause.

Probable cause exists when a police officer has knowledge of facts and circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary

intelligence, judgment and experience that it is reasonably likely that the person arrested committed an offense.

Since the defendants assert that the justification for the arrest was that they had probable cause, you must decide if defendants have met their burden of proving by a preponderance of the evidence that there was probable cause for plaintiff's arrest so as to rebut the presumption that the arrest in this case was unlawful. Raysor v. Port Auth. of N.Y. & N.J., 768 F.2d 34, 39-40 (2d Cir. 1985), Amore v. City of Ithaca, 2008 U.S. Dist. LEXIS 26035 (N.D.N.Y Mar. 28, 2008).

If you find that the defendants have failed to show by a preponderance of the evidence that they had probable cause to arrest Mr. Nibbs, you must find in Mr. Nibb's favor and award him any damages that were proximately caused by defendants' false arrest of Mr. Nibbs.

## Second Substantive Claim: Malicious Prosecution

Mr. Nibbs alleges a claim of malicious prosecution against all defendants. In order to establish a claim of malicious prosecution, plaintiff must prove by a preponderance of the evidence that: (1) the defendants commenced a criminal proceeding against the plaintiff; (2) the criminal proceeding was terminated in plaintiff's favor; (3) there was an absence of probable cause for the proceeding; and (4) the defendant's acted with actual malice in commencing the proceeding against plaintiff. Rogers v. City of Amsterdam, 303 F.3d 155, 160 (2d Cir. 2002).

With respect to the first requirement, the parties do not dispute that the defendants commenced a criminal proceeding against the plaintiff. Therefore, I instruct you as a matter of law that plaintiff has met his burden of proving that the first requirement of his malicious prosecution claim.

With respect to the second requirement – favorable termination – New York law does not require a malicious prosecution plaintiff to prove his innocence, or even that the termination of

the criminal proceeding was indicative of innocence. Rather, the plaintiff's burden is to demonstrate a final termination that is not inconsistent with innocence. See Cantalino v. Danner, 96 N.Y.2d 391, 396, 729 N.Y.S.2d 405, 754 N.E.2d 164 (2001) ("[T]he question is whether, under the circumstances of each case, the disposition was inconsistent with the innocence of the accused."). You may draw an inference that an action has been favorably terminated when the reason for dismissal is based on the fact that the prosecutor cannot prove the case beyond a reasonable doubt and that the charges based on that incident cannot ever be brought again. See Stampf v. Long Island R.R. Authority, 2010 WL 2517700 (E.D.N.Y. 2010); Murphy v. Lynn 118 F.3d 938 (2d Cir. 1997).

With respect to the third requirement, you must determine whether, at the time the defendants completed the complaint report and/or provided information to the district attorney's office, there was probable cause to believe that Mr. Nibbs had committed each and every one of the crimes or offenses with which he was charged. Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991) (holding that probable cause as to one charge does not preclude a malicious prosecution claim as to other charges).

Mr. Nibbs was charged with Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree.

A person is guilty of Criminal Sale of a Controlled Substance in the Third Degree defined in New York State Penal Law Section 220.39(1) as follows

> A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells: a narcotic drug…

A person is guilty of Criminal Possession of a Controlled Substance in the Third Degree defined in New York State Penal Law Section 220.16(1) as follows:

> A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses: a narcotic drug with intent to sell it…

A person is guilty of Criminal Possession of a Controlled Substance in the Seventh Degree defined in New York State Penal Law Section 220.03 as follows:

> A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a controlled substance…

If you find that there was an absence of probable cause for any one or more of the three offenses with which Mr. Nibbs was charged, you should deem the third requirement of malicious prosecution to be satisfied. Id.

If you conclude that defendant did not have probable cause to believe that Mr. Nibbs had committed the crime charged, then you must next consider element (4), whether defendants acted maliciously in initiating the prosecution. With respect to the fourth requirement, malice does not have to be actual spite or hatred, but means only that the defendants must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.  If you find that defendant did not have probable cause for believing that the plaintiff was guilty at the time he initiated the prosecution, you may, although you are not required to, infer from that fact alone that defendant acted maliciously.  Zellner v. Summerlin, 494 F.3d 344, 365 (2d Cir. 2007).

If you find that Mr. Nibbs has proven by a preponderance of the evidence that the defendants initiated plaintiff's prosecution for a purpose other than bringing an alleged criminal to justice, without any reasonable ground for the belief that plaintiff committed an offense, and with reckless disregard of plaintiff's rights, then you must find for the plaintiff on this claim.

### <u>Third Substantive Claim:  Denial of Fair Trial</u>

When a government officer creates false information likely to influence a jury's decision and forwards that information to prosecutors and/or the grand jury, he violates the accused's constitutional right to a fair trial.  Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir.1997).  The constitutional right to fair trial is grounded on the premise that a person should not be deprived of liberty on the basis of false evidence fabricated by a government officer.  Scotto v. Almenas, 143 F.3d 105, 113 (2d Cir.1998); Ricciuti,124 F.3d at 130.

In order to establish that plaintiff was denied a fair trial, the plaintiff must prove each of the following elements by a preponderance of the evidence: (1) defendant created false evidence; (2) the defendant forwarded that false evidence to the prosecutor and/or the grand jury; and (3) plaintiff was deprived of liberty as result of that false evidence.  Zahrey v. Coffey, 221 F.3d 342, 355 (2d Cir. 2000).

As for element (1), you must decide whether defendant created false evidence. Plaintiff contends that the evidence provided to the District Attorney's by defendants were false in the following respects:

1) UNDERCOVER POLICE OFFICER No. 0077 falsely stated that he observed Mr. Nibbs exchange a small object for a sum of money with Victor Virola; and

2) DET. GEORGE GOULART falsely alleged that he observed Victor Virola drop four bags of crack cocaine to the ground; and

If you find that the defendants did not falsify this evidence, your finding will be that the plaintiff was not denied a fair trial and you will find for the defendant.  If, however, you find that defendants did falsify either one of these allegations, you must then determine whether plaintiff proved each of the remaining elements.

With respect to Elements (2) and (3), it is undisputed that the defendant provided this evidence to the prosecutor, and that the plaintiff was deprived of his liberty when he spent

approximately two (2) days in jail and approximately four months making court appearances before the case was ultimately dismissed by the District Attorney's Office.   Therefore, I instruct you as a matter of law that plaintiff has met his burden of proving that defendant forwarded said evidence to the prosecutor, and plaintiff was deprived of his liberty as a result.

If you find that defendant did create false evidence, in this case, you must find that plaintiff was deprived a right to fair trial.

Unlike a malicious prosecution claim, a denial of fair trial claim does not require a finding of whether defendant had probable cause to initiate and continue the criminal proceeding. <u>Jocks v. Tavernier</u>, 316 F.3d 128, 138 (2d Cir. 2003).   Even if you find that defendant had probable cause, as previously discussed in plaintiff's malicious prosecution claim, you may still find that plaintiff was denied his right to a fair trial, if you find that defendant forwarded fabricated/false evidence to the prosecutor and/or the grand jury, which ultimately led to plaintiff's loss of liberty.

## Party's Failure To Produce Evidence

If you find that a party could have produced certain evidence, and that the evidence was within that party's control, and that this evidence would have been relevant in deciding facts in dispute in this case, you are permitted, but not required, to infer that the evidence, if produced, would have been unfavorable to that party.

In deciding whether to draw this inference, you should consider whether the evidence that was not produced would merely have duplicated other evidence already introduced. You may also consider whether the party has offered a reason for not producing this evidence, and whether that reason was explained to your satisfaction.

(Authority:  Schwartz, Instruction 2.04.1.)

## Damages – Introduction

If you find that plaintiff has proved by a preponderance of the evidence all of the elements of one or more of his claims for relief for the alleged violation of his federal or state rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.  It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that plaintiff has established liability on at least one of his Section 1983 or state claims.

Should you decide that plaintiff has proved a particular claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages.  I will now define each type of damages.

(Authority:  Schwartz, Instruction 2.05.1.)

## Compensatory Damages

If you find that defendant is liable to plaintiff, then you must determine an amount that is fair compensation for all of plaintiff's damages.  These damages are called compensatory damages. The purpose of compensatory damages is to make plaintiff whole; that is, to compensate plaintiff for the damage that he has suffered.  If plaintiff wins, he is entitled to compensatory damages as a matter of law for his loss of liberty and dignity resulting from his arrest and prosecution.   Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004) (loss of

liberty is entitled to compensatory and not merely nominal damages). This means that if you believe that plaintiff suffered a loss of liberty as a result of defendant's conduct you must award compensatory damages for the amount of time that defendant was deprived of his liberty.

You must award compensatory damages only for injuries that plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered, or that plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

In assessing compensatory damages, you must include an amount attributable loss of liberty and dignity resulting from his arrest and prosecution that you determine to be reasonable compensation in the light of all the evidence in this case. Kerman v. City of New York, 374 F.3d 93, 123-25 (2d Cir. 2004) (loss of liberty is recognized as a recoverable compensatory damage). Consequently, the law does not try to fix, nor does the law permit, a precise formula by which loss of liberty as an element of compensatory damages may be measured and reduced to dollars and cents.

In this case the loss of liberty Mr. Nibbs contends he suffered is in two ways. First, Mr. Nibbs contends that as a result of these charges bail was set and he remained in custody after arraignment for several hours until his family could post bail for him. Second, Mr. Nibbs contends that the requirement to attend court hearings while these Felony charges were pending against him for approximately four (4 months), and the general requirement to put himself at the disposal of the court throughout that time amounted to a deprivation of his liberty. Defendants do not dispute that Mr. Nibbs was deprived of his liberty when he spent several hours in jail after he was arraigned and approximately four months making court appearances before the case was ultimately dismissed by the District Attorney's Office.

Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate plaintiff for the loss liberty you find that Mr. Nibbs endured as the direct result of any constitutional deprivation he may have suffered.  The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

If you find for plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.  In addition, if you find that plaintiff is

reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

(Authority:  Schwartz, Instructions 18.01.1, 18.01.5, 18.01.8.)

### Punitive Damages

If you have awarded plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of defendants that proximately caused injury or damage to plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury.  When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon plaintiff.

(Authority:  Schwartz, Instruction 18.07.1.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Every juror should be heard.  No one juror should hold the center state in the jury room and no one juror should control or monopolize the deliberations.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion with in your good conscience appears to be in accordance with the truth.

## Selection of Foreperson

Your foreperson will preside over the deliberations and speak for you here in open

court.  The foreperson has no greater voice or authority that any other juror.

The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

### Return of Verdict

I will give you a verdict sheet/form to be filled out by the jury. The purpose of the questions on the form is to help us - the Court, and counsel for Plaintiff and Defendants - to understand what your findings are. I will hand this form, which contains a set of questions, to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the anser should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did it would not be binding on you.

Before the jury attempts to answer any question you should read the entire set of questions, and make sure that everybody understands each question. Before you answer the question, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions of the for I am giving you.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield you view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades

you.  In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

### **Closing Comment**

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse, you should treat each other with courtesy and respect during your deliberations.

After you have reached a verdict, your foreperson will fill in the Verdict Sheet that has been given to you, sign and date it and advise the Marshal outside you door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in Court.  Once you verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this courtroom.  All litigants stand equal before the bar of justice.  All litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

I thank you for your time and attentiveness.

Dated: New York, New York
        August 19, 2011

COHEN & FITCH LLP
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, New York 10007
Tel:  (212) 374-9115
Fax: (212) 406-6890

By: _____
     JOSHUA FITCH
     GERALD COHEN

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants George Goulart and*
*Undercover Officer # 0077*
100 Church Street
New York, New York 10007
Tel:  (212) 788-0467/(212) 341-0797
Fax: (212) 788-9776
By: _____
     RAJU SUNDARAN
     BRIAN FARRAR