UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JERMAINE NIBBS,

                     Plaintiff,

          -against-                          **<u>10 CV 3799</u>**

THE CITY OF NEW YORK, DET. GEORGE
GOULART, Shield No. 5792, Individually and in his
Official Capacity, and UNDERCOVER OFFICER
# 0077, Individually and in his Official Capacity,

                     Defendants.

-------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

JOSHUA P. FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
jfitch@cohenfitch.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………..……iii

PRELIMINARY STATEMENT………………………………………………………….1

BACKGROUND………………………………………………………………………….1

ARGUMENT…………………………………………………………………………...4

    I.      MR. NIBBS'S CRIMINAL HISTORY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT AND UNDULY PREJUDICIAL…………………………4

        A.  Mr. Nibbs's Two (2) Prior Felony Convictions are Inadmissible For Any Purpose Under FRE 404(b)……………………………………………………4

        B.  Mr. Nibbs's Two Prior Felony Convictions Are Inadmissible for Impeachment Under FRE 609…………………………………………………………..6

        C.  Mr. Nibbs's Misdemeanor Convictions are Inadmissible for Any Purpose Udner FRE 404(b)…………………………………………………………..8

        D.  Mr. Nibbs's Prior Misdemeanor Convictions Are Inadmissible for Impeachment Under FRE 609…………………………………………………...9

        E.  Mr. Nibbs's Violations are not Criminal Convictions and are per se inadmissible under FRE 609………………………………………………10

        F.  Evidence of Mr. Nibbs's Prior or Subsequent Arrests That Were Dismissed is Inadmissible for Any Purpose Under FRE 404(b)…………………………...11

        G.  Evidence of Mr. Nibbs's Prior or Subsequent Arrests That Were Dismissed is Inadmissible for Impeachment As a Matter of Law…………………………12

        H.  Evidence of Mr. Nibbs's Prior Arrests or Incarceration is Irrelevant to Damages in This Case……………………………………………………12

            i.  Mr. Nibbs's prior arrests are irrelevant to loss of liberty damages which are separable from emotional injuries………………………13

        I.  If any Evidence of Mr. Nibbs's Criminal Record is Admitted, it Should be Strictly Limited and Subject to a Proper Jury Instruction …………………14

II.     ALL EVIDENCE OF MARIJUANA USE BY MR. NIBBS SHOULD BE
        EXCLUDED BECAUSE IT HAS LOW PROBATIVE VALUE AND IS
        UNDULY PREJUDICIAL……………………………………………………15

III.    REFERENCES TO CERTAIN ASPECTS OF MR. NIBBS'S FAMILY AND
        PERSONAL LIFE ARE IRRELEVANT, PREJUDICIAL AND SHOULD BE
        EXCLUDED…………………………………………………………………….16

IV.     ALLOWING ADA FARRINGTON TO TESTIFY WOULD BE REVERSIBLE
        ERROR………………………………………………………………………..17

V.      LETICIA TAVERAS'S TESTIMONY SHOULD BE PRECLUDED AS
        IRRELEVANT AND PREJUDICIAL…………………………………………..18

CONCLUSION………………………………………………………………………………..20

## <u>TABLE OF AUTHORITIES</u>

<u>Cameron v. City of New York</u>, 598 F.3d 50 (2d Cir. 2010)…………………………………..17

<u>Daniels v. Loizzo</u>, 986 F.Supp. 245 (S.D.N.Y. 1997)…………………………5, 6, 7, 8, 9, 12, 15

<u>Eng v. Scully</u>, 146 F.R.D. 74 (S.D.N.Y. 1993)…………………………………………………..6

<u>Fletcher v. City of New York</u>, 54 F.Supp.2d 328 (S.D.N.Y. 1999)……………………………7, 9

<u>Gardner v. Federated Department Stores, Inc.</u>, 907 F.2d 1348 (2d Cir. 1990)…………………13

<u>Hynes v. Coughlin</u>, 79 F.3d 285 (2d Cir. 1996)………………………………………………4, 5, 8

<u>Kerman v. City of New York</u>, 374 F.3d 93 (2d Cir. 2004)……………………………………..13

<u>Lewis v. Velez</u>, 149 F.R.D. 474 (S.D.N.Y. 1993)……………………………………………5, 7

<u>Martin v. Nat'l R.R. Passenger Corp.</u>, 1998 WL 575183 (S.D.N.Y. 1998)……………………15

<u>Martinez v. Port Authority of N.Y. and N.J.</u>, 2005 WL 2143333 (S.D.N.Y. 2005)……………13

<u>Michelson v. United States</u>, 335 U.S. 469 (1948)………………………………………………12

<u>Moakley v. P.O. "Jane" Velarde</u>, 2002 WL 287848 (S.D.N.Y. 2002)……………………...11, 18

<u>Morillo v. City of New York, et al.</u>, 1997 WL 72155 (S.D.N.Y. 1997)………………………..19

<u>Robinson v. Holder</u>, 2008 WL 2875291 (S.D.N.Y. 2008)………………………………………13

<u>Stephen v. Hanley</u>, 2009 WL 1471180 (E.D.N.Y. May 21, 2009)………………….7, 11, 12, 16

<u>Walker v. Firestone Tire & Rubber Co.</u>, 412 F.2d 60 (2d Cir. 1969)…………………………19

<u>U.S. v. Hayes</u>, 553 F.2d 824 (2d Cir. 1977)……………………………………………………16

<u>U.S. v. Hatfield</u>, 685 F.Supp.2d 320 (E.D.N.Y. 2010)…………………………………………20

<u>U.S. v. Jackson</u>, 2006 WL 1233938 (S.D.N.Y. May 8, 2006)…………………………………16

<u>U.S. v. Martinez</u>, 465 F.2d 79 (2d Cir. 1972)…………………………………………………..18

<u>U.S. v. Ortiz</u>, 553 F.2d 782 (2d Cir. 1988)………………………………………………………7

<u>Zellner v. Summerlin</u>, 494 F.3d 344 (2d Cir. 2007)……………………………………………15

**PRELIMINARY STATEMENT**

Plaintiff Jermaine Nibbs respectfully submits this motion pursuant to Rules 401, 402, 403, 404, 608, and 609 of the Federal Rules of Evidence ("FRE") to exclude evidence of, reference to or argument concerning (1) Mr. Nibbs' criminal history, including his prior arrests, convictions and parole records, (2) Mr. Nibbs' prior use of marijuana, (3) certain aspects of Mr. Nibbs' family and personal life, (4) the testimony of Assistant District Attorney Farrington, and (5) the testimony and letters of Leticia Taveras, including Defendants exhibits P through LL, marked for identification.[1]

**BACKGROUND**

On the afternoon of December 23, 2009, Mr. Nibbs was arrested inside of 2690 Third Avenue, Bronx, New York by defendant police officers ("Defendants"). Plaintiff alleges that Defendants stopped him without cause, probable or otherwise, and falsely charged him with two (2) counts of Criminal Sale of a Controlled Substance in the Third Degree and One (1) count of Criminal Possession of Controlled Substance in the Seventh Degree. Mr. Nibbs was held in custody for approximately thirty one (31) hours before he was arraigned on felony charges wherein bail was set in the amount of seven thousand five hundred dollars ($7,500) and Mr. Nibbs remained in prison for several more hours before being released after bail was posted.  Charges against Mr. Nibbs were dismissed on March 10, 2010. As a result of defendants unlawful conduct Mr. Nibbs suffered a loss of his liberty in that he was deprived of his liberty for the time that he was incarcerated

---

[1] To the extent any of Defendants' Proposed Exhibits are subject to this in limine, Plaintiff has so indicated in the parties' JPTO and has objected to that exhibit on the grounds enumerated in this motion.

and for the period of time that he was required to put himself at the disposal of the court in connection with his prosecution until the charges were dismissed.[2]

On May 10, 2010 Mr. Nibbs filed this action against Defendants in the Southern District of New York. This action involves claims for false arrest, malicious prosecution and denial of his right to a fair trial under § 1983 arising out of the events of December 23, 2009 through March 10, 2010. In dispute is what happened during Defendants' stop and subsequent arrest of Mr. Nibbs.

Defendants may attempt to introduce at trial or impeach Mr. Nibbs with evidence of Mr. Nibbs' prior bad acts, including his arrests and convictions. Mr. Nibbs' criminal record includes two (2) felony convictions. On February 25, 1999 Mr. Nibbs pled guilty to third degree attempted criminal sale of a controlled substance, a Class C felony, and was sentenced to one to three years of imprisonment. On August 25, 2004 Mr. Nibbs pled guilty to third-degree criminal sale of a controlled substance, a Class B felony, and was sentenced to two to fours years of imprisonment. Mr. Nibbs has also pled guilty to five misdemeanors: (1) on September 26, 1997, he pled guilty to seventh degree criminal possession of a controlled substance, a Class A misdemeanor; (2) on February 11, 1998 he pled guilty to third degree criminal possession of stolen property, a Class A misdemeanor; (3) on March 4, 1999 he pled guilty to fifth-degree criminal possession of stolen property, a Class A misdemeanor; (4) on March 30, 2000 he pled guilty to seventh degree criminal possession of a controlled substance, a Class A misdemeanor, and (5) on June 25, 2002 he pled guilty to seventh degree criminal possession of a controlled substance, a Class A misdemeanor. None of Mr. Nibbs' misdemeanor convictions were

---

[2] As will be discussed infra, plaintiff is not making any claim for emotional injury and withdraws any such claim previously asserted.

punishable by more than one year in prison.  In addition, Mr. Nibbs has multiple arrests that did not result in criminal convictions.

Defendants may also attempt to introduce at trial or impeach Mr. Nibbs with evidence of his prior marijuana use, and certain facts regarding his children and child support obligations.

Defendants may also attempt to call the prosecutor A.D.A. Farrington to vouch for the credibility of the officers, and certain facts regarding the prosecution.

Finally, Defendants may also attempt to introduce at trial the testimony of his ex-girlfriend Leticia Taveras, her opinions regarding his character and/or as a collateral impeachment witness to impeach plaintiff regarding the source of the money recovered on plaintiff at the time of his arrest.

None of that evidence tends to prove or disprove any of the factual disputes regarding Mr. Nibbs' December 23, 2009 arrest and related criminal charges. That evidence should be excluded because it is (1) wholly irrelevant (2) inadmissible character evidence under Rule 404(b) of the Federal Rules of Evidence, (3) inadmissible for any purpose and unfairly prejudicial pursuant to Rules 401, 402[3] and 403[4] of the Federal Rules of Evidence and admitting it would result in jury confusion and a waste of the Court's time and (4) it cannot be used to impeach Mr. Nibbs pursuant to Rules 608[5] and 609[6] of the Federal Rules of Evidence.

---

[3] Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 402 states that "[e]vidence which is not relevant is not admissible".

[4] Fed. R. Evid. 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence".

[5] Fed. R. Evid. 608(b) states in relevant part: "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as

## ARGUMENT

### I.   MR. NIBBS' CRIMINAL HISTORY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT AND UNDULY PREJUDICIAL.

All evidence of, reference to or argument concerning Mr. Nibbs' criminal history, including his prior arrests, convictions and parole record, should be excluded.

### A.   *Mr. Nibbs' Two (2) Prior Felony Convictions are Inadmissible For Any Purpose Under FRE 404(b)*

Evidence of Mr. Nibbs' 2002 and 2004 felony narcotics convictions are inadmissible character evidence under Rule 404(b). Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Applying Rule 404(b), the Second Circuit has held, for example, that in an excessive force case regarding a prisoner's treatment by corrections officers, the plaintiff's prison disciplinary records cannot be offered to show that the plaintiff has an "aggressive character" and "that it was therefore more likely than not that he was the aggressor on the occasions in question". Hynes v. Coughlin, 79 F.3d 285, 292 (2d Cir. 1996). Here, given that the

---

provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness."

[6] Fed. R. Evidence 609 states that "(a) [f]or the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted, regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness…(b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

allegations forming the basis of plaintiff's false arrest are that plaintiff sold narcotics, evidence of Mr. Nibbs' felony narcotics sale convictions from seven (7) years ago similarly serves no purpose other than to encourage the jury to draw the impermissible inference that Mr. Nibbs has a bad character and a propensity to sell narcotics. Accordingly, defendants seek to use these convictions in precisely the manner which is explicitly prohibited under 404(b).  See Daniels v. Loizzo, 986 F.Supp. 245, 249 (S.D.N.Y. 1997)("Instead, the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits – introduce bad acts evidence to show a propensity to commit such acts.").

Additionally, Rule 404(b) only permits evidence of "other crimes, wrongs or acts" "for *other* purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident".  Hynes, 79 F.3d at 290. However, evidence concerning Mr. Nibbs' felony convictions are not probative of any of these purposes nor are any of them relevant in this case, which they must be for admission under 404(b).  See Lewis v. Velez, 149 F.R.D. 474, 479 (S.D.N.Y. 1993) ("While it is true that 404(b) permits evidence of other acts to show [another purpose], [that purpose] must in fact be *at issue* in the case to justify admission of such evidence.")(emphasis added).  In this present matter, Mr. Nibbs' guilty pleas seven (7) and nine (9) years ago to narcotics sales have no bearing on either Mr. Nibbs' conduct or state of mind--or that of Defendants--on the date in question.  Similarly, evidence of these convictions will not illuminate the sufficiency of the officers' probable cause in arresting or prosecuting Mr. Nibbs or whether they provided false information to the District

Attorney, which are the *only* relevant issues in this matter.  Further, this conviction is also entirely irrelevant to the question of damages.

Notwithstanding, even if Mr. Nibbs' felony convictions were relevant – and they are not – evidence of these convictions are unfairly prejudicial and should be excluded pursuant to Rule 403. These convictions are not evidence related in any way to the incident in question, however, there is a real and substantial likelihood that the jury impermissibly would discount Mr. Nibbs' account of that incident, because of his status as a felon or *worse* view the type of convictions – namely narcotics sale – to simply conclude that he must have been selling narcotics on this occasion. Accordingly, given that there is no probative value to those convictions other than their impermissible use to prove acts in conformity therewith, the inevitable unfair prejudice that would be caused far outweighs their admission.

### B. Mr. Nibbs' Two Prior Felony Convictions Are Inadmissible for Impeachment Under FRE 609

Second, evidence of Mr. Nibbs' felony convictions cannot be used to impeach him under Rule 609 because their probative value, which is already extremely low, is substantially outweighed by the danger of unfair prejudice. Pursuant to this Rule, courts are required to consider the probative value of a felony conviction in light of its prejudicial effect. See Daniels v. Loizzo, 986 F.Supp.245, 250 (S.D.N.Y. 1997) ("[a]s amended in 1990, Rule 609 now explicitly provides that prior convictions of all witnesses other than a criminal defendant, including witnesses in civil actions, shall be admitted subject to Rule 403.") (citing Fed. R. Evid. 609(a) (1); 4 Weinstein's Federal Evidence § 609.04[3][a], at 609-36 (1997)); see, e.g., Eng v. Scully, 146 F.R.D. 74, 78 (S.D.N.Y.1993).  Courts in this circuit have held that, when balancing probative value

against prejudicial effect under Rule 609(a)(1), judges should examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue in the present litigation, and (4) the importance of the credibility of the witness. Daniels, 986 F.Supp. at 250 (citing 4 Weinstein's Federal Evidence, § 609.04[2][a]).

The single most important factor that is central to the aforementioned analysis is whether the prior crime is particularly probative of credibility. Stephen v. Hanley, No. 03-CV-6226, 2009 WL 1471180 at*4 (E.D.N.Y. May 21, 2009)("[p]aramount among the factors to consider in the balancing analysis is whether the crime, by its nature, is probative of the lack of veracity") (citing U.S. v.Ortiz, 553 F.2d 782, 784 (2d Cir. 1988)). Here, that dominant factor counsels strongly against admission under Rule 609(a)(1) as Mr. Nibbs' two convictions for narcotics sales have no bearing on his veracity as a matter of law. See Lewis, 149 F.R.D. at 482 ("'[V]iolation of narcotics laws [are] 'not normally suggest[ive of] the special probative value on the issue of credibility contemplated by Fed.R.Evid. 609(a)(1)'")(citation omitted); Fletcher v. City of New York, 54 F.Supp.2d 328, 332 (S.D.N.Y. 1999)("'neither drug crimes nor assault involve dishonesty or false statement'")(citation omitted); Daniels, 986 F.Supp. at 249 ("Drugs crimes, however, do not automatically implicate the use of dishonesty of false statements").

Furthermore, it has been seven (7) years since Mr. Nibbs' most recent conviction and nine (9) years since his first; that should weigh heavily against admission under the remoteness factor. Finally, and perhaps most important in this case is the similarity of the convictions to the conduct at issue in this litigation, which is literally identical. This fact alone most certainly tips the scales against their admission given undue prejudice

that would almost certainly result were the jury to hear about these convictions. <u>See</u> <u>Daniels</u>, 986 F.Supp. at 251 ('[T]here [] is no justification and considerable danger in impeaching a defendant's credibility with a prior conviction for the same type of offense as the one on trial…").

### C.   *Mr. Nibbs' Misdemeanor Convictions are Inadmissible for Any Purpose Under FRE 404(b).*

First, evidence related to any of Mr. Nibbs' misdemeanor convictions is inadmissible character evidence under Rule 404(b). The only possible reason for Defendants to introduce evidence of Mr. Nibbs' prior misdemeanor convictions is to encourage the jury to draw the impermissible inference that he acted "in conformity" with a perceived bad character on the night of the incident; that is specifically prohibited under Rule 404(b). <u>See</u> <u>Daniels</u>, 986F.Supp. at 248; <u>Hynes</u>, 79 F.3d at 292.   According to defendants, they had no knowledge of plaintiff or any of his convictions prior to the incident. Consequently, evidence of his past convictions could have no bearing on Defendants' motive or state of mind during any of the conduct at issue. Such evidence has no probative value in determining whether or not Defendants had cause to stop or arrest Mr. Nibbs nor would it have any bearing on the information provided by defendants that formed the basis for his subsequent prosecution.   Moreover, all but one of Mr. Nibbs' misdemeanor convictions occurred over ten (10) years ago an the one misdemeanor that is within the ten year period occurred nine (9) years ago and as a result the possibility that any of those convictions could be probative on any issue relevant to this litigation is inconceivable.

### D.  Mr. Nibbs' Prior Misdemeanor Convictions Are Inadmissible for Impeachment Under FRE 609

As discussed above, evidence of these convictions – like Mr. Nibbs' felony convictions – is unduly prejudicial, and should be excluded pursuant to Rule 403. Second, evidence of those convictions may not be used to impeach Mr. Nibbs under Rule 609 because none of the misdemeanors to which Mr. Nibbs pled guilty are punishable by death or imprisonment for more than one year, and as such, they are not admissible under Rule609(a)(1) as a matter of law.[7]   See Daniels, 986 F.Supp. at 249 ("Plaintiff's misdemeanor convictions…were not punishable by death or imprisonment in *excess* of one.  Thus these convictions are not admissible for impeachment purposes under Rule 609(a)(1).")(emphasis added).

Moreover, because none of the misdemeanors to which Mr. Nibbs pled guilty involves a crime of veracity, they are not admissible under Rule 609(a)(2). Congress has emphasized that Rule 609(a)(2) specifically refers to convictions that are particularly probative of credibility and Mr. Nibbs' misdemeanor convictions are not as a matter of law. See Daniels, 986 F.Supp. at 249 (holding that misdemeanor convictions for unauthorized use of a vehicle, *possession of stolen property*, disorderly conduct, resisting arrest and escape were not probative of veracity and not admissible for impeachment purposes under Rule 609)(emphasis added); Fletcher, 54 F.Supp.2d at 332 ("'neither *drug crimes* nor assault involve dishonesty or false statement'")(citation omitted) (emphasis added). Given that Mr. Nibbs' misdemeanor convictions are completely unrelated to veracity, they are therefore not admissible under 609(a)(2).  Finally, notwithstanding that

---

[7] See N.Y. PENAL LAW § 70.15(1) (McKinneys 2011)("A sentence of imprisonment for a class A misdemeanor shall be a definite sentence.  When such a sentence is imposed the term shall be fixed by the court, and shall not exceed one year;").

Mr. Nibbs' misdemeanor convictions are not probative of truthfulness, all but four of them are over ten (10) years old and thus are time-barred under Rule 609(b). Accordingly, regardless of whether they are veracity-related, these convictions cannot be used to impeach Mr. Nibbs as a matter of law.

### E.  Mr. Nibbs' Violations are not Criminal Convictions and are per se inadmissible under FRE 609.

Evidence of Mr. Nibbs' violations are inadmissible as a matter of law under F.R.E. 609.  First, Mr. Nibbs' violations for marijuana possession are not crimes.  See N.Y. PENAL LAW § 10.10(6)(McKinney 2008)("'Crime' means a *misdemeanor* or a *felony*.");  See also N.Y. Penal Law § 221.05(McKinney 2008)("Unlawful possession of marihuana is a *violation* punishable only by a fine of not more than one hundred dollars.");  Similarly, Mr. Nibbs' only other violation is a 2004 violation for Driving While Impaired, which is also not a crime and statutorily deemed to be irrelevant to credibility.  See N.Y. V.T.L. § 1193(a) (McKinney 2008) ("A violation of subdivision one of section [1192] of this article shall be a *traffic infraction*");  See also N.Y. V.T.L. § 155 (McKinney 2008)("A traffic infraction is not a crime and the punishment for any purpose a penal or criminal punishment and *shall not affect or impair the credibility as a witness* or otherwise of any person convicted thereof.")(emphasis added).  Accordingly, under the Federal Rules, these violations are inadmissible *as a matter of law* under 609(a)(2) regardless of any argument regarding their impeachment value due to the simple fact that they are not considered "crimes."  See generally F.R.E. 609 (The plain language contained in the title of FRE section 609 is "Impeachment by Evidence of Conviction of *Crime*.")(emphasis added).

### F. *Evidence of Mr. Nibbs' Prior or Subsequent Arrests That Were Dismissed is Inadmissible for Any Purpose Under FRE 404(b).*

Defendants should be precluded from introducing any evidence of Mr. Nibbs' prior arrests or charges for which Mr. Nibbs was arrested or arraigned, but not convicted. Mr. Nibbs' arrest record is not relevant to or probative of his or the Defendants' state of mind, conduct, or for any other purpose under 404(b) on the date of this incident. The only possible purpose for admitting this evidence is as impermissible character evidence, when in fact Mr. Nibbs' character is not at issue in this case given that the defendants admittedly knew *absolutely nothing* about Mr. Nibbs prior to his arrest.[8] See Stephen, 2009 WL 1471180 at *8 ("[T]he court finds that the drugs charges are inadmissible…Defendants apparently proffer these charges solely to demonstrate [plaintiff's] bad character; however, his character is not at issue in this case.").   Given that Mr. Nibbs' unsubstantiated arrests have absolutely no probative value to any relevant issue in this case – namely whether or not there was probable cause to arrest and prosecute Mr. Nibbs' – the only purpose to admit this evidence would be to improperly to encourage the jury to make the impermissible inference that if Mr. Nibbs was arrested on prior or subsequent occasions there must have been probable cause for his arrest on this occasion. As such, it is impermissible character evidence explicitly prohibited by Rule 404, and is further prohibited by Rule 403 since the danger of unfair prejudice that will inevitably result would substantially outweigh the non-existent probative value of the evidence.

---

[8] See Moakley v. P.O. "Jane" Velarde, et al., 2002 WL 287848, *3 (S.D.N.Y. 2002)("In evaluating whether the officers had probable cause, the Court considers the facts available to them *at the time of arrest*.")(citation omitted)(emphasis added).

### G. Evidence of Mr. Nibbs' Prior or Subsequent Arrests That Were Dismissed is Inadmissible for Impeachment As a Matter of Law.

Evidence of Mr. Nibbs prior and/or subsequent arrests that were dismissed cannot be used to impeach Mr. Nibbs as the Supreme Court has established that they have no impeachment value whatsoever. Michelson v. United States, 335 U.S. 469, 482 (1948) ("[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness....*Only* a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness.")) (emphasis added). Accordingly, arrests that have not resulted in convictions are not admissible under Rule 609 or 608(b). See Stephen 2009 WL 1471180 at *8 ([D]efendants reliance on Rule 608...is unavailing. None of the unproven charges or prior arrests bear on [plaintiff's] character for truthfulness..."); Daniels, 986 F.Supp. at 252 (holding that plaintiff's arrests that did not result in convictions were inadmissible under Fed. R. Evid. 608(b) because "[i]t happens to the innocent as well as the guilty."). As such, Mr. Nibbs' other unsubstantiated arrests are not directly relevant to credibility and simply cannot be used to impeach. As with his prior convictions, Mr. Nibbs' arrests have no bearing on any of the issues in this case, are irrelevant and their admission would be unduly prejudicial and would only serve to impermissibly suggest that because Mr. Nibbs has been arrested prior to and since this incident, he must have been "up to no good" on the date at issue.

### H. Evidence of Mr. Nibbs' Prior Arrests or Incarceration is Irrelevant to Damages in This Case

In the present case, evidence of plaintiffs prior and/or subsequent arrests are irrelevant to damages as plaintiff has explicitly limited his claim for damages to the loss

of liberty and dignity resulting from his arrest and prosecution.[9]  Accordingly, since there is no longer any claim for emotional injuries, which is the *only arguably* relevant purpose for admitting plaintiff's arrests, evidence of plaintiff's arrests must be excluded.

i.      **Mr. Nibbs' prior arrests are irrelevant to loss of liberty damages, which are separable from emotional injuries.**

Under the law of this Circuit it is well settled that loss of liberty is an entirely separate and distinct component of damages from emotional injury.  See Kerman v. City of New York, 374 F.3d 93, 123-25 (2d Cir. 2004)(recognizing that loss of liberty and emotional injuries are independent of each other and that the torts of false arrest and malicious prosecution "'[are] complete with even a brief restraint of the plaintiff's freedom'; 'it is not necessary that any damage result from it other than the *confinement itself*.'")(emphasis added);Gardner v. Federated Department Stores, Inc., 907 F.2d 1348, 1353 (2d 1990)("Thus, the damages for deprivation of liberty redress the denial of free movement and the violation done to Gardner's dignity as a result of the unlawful detention, *and not* the physical and mental injuries arising from the incident.")(emphasis added); Robinson v. Holder, 2008 WL 2875291, *9 (S.D.N.Y. 2008)("'[t]he damages recoverable for the period spent in wrongful confinement are *separable* from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering.")(emphasis added).  Further, both components of damages are already built into these claims such that one could recover for the constitutional violation – i.e. the loss of liberty – even in the *absence of any claim* for emotional injuries. See Martinez v. Port Authority of N.Y. and N.J., 2005 WL 2143333, *20 (S.D.N.Y. 2005):

---

[9] To the extent that there are references to emotional damages in the complaint, the plaintiff is voluntarily withdrawing this component of damage and will make no reference to emotional damage to the jury in this case.

False arrest is subdivided into two compensatory components: (1) deprivation of liberty and (2) tangible injury, which includes physical harm, embarrassment, and emotional suffering…Thus, damages awarded for deprivation of liberty are independent of damages awarded for physical and mental injuries, and deprivation of liberty damages may be awarded *even in the absence* of physical or mental harm.

Id. (emphasis added)(citations omitted).  Given this standard under the law, Mr. Nibbs would still be entitled to damages for his depravation of liberty regardless of whether it affected him emotionally in any way.  Further, since plaintiff's damages are limited to his depravation of liberty it cannot be credibly argued that plaintiff's liberty is any less valuable than one who has never been arrested before.  Any such argument would contravene the plain language of the rights enumerated in the Fourth Amendment, which are guaranteed "to the people" and not simply the people who have never been arrested before.  As such, given that plaintiff is not claiming emotional damages, this evidence must be excluded as palpably irrelevant and unduly prejudicial.

**I.  *If Any Evidence of Mr. Nibbs' Criminal Record is Admitted, it Should be Strictly Limited and Subject to a Proper Jury Instruction.***

Should the Court admit any elements of Mr. Nibbs' criminal record, that evidence should be strictly limited to the fact and date of the conviction in question.  Further, only level of crime (i.e. felony or misdemeanor) and not the specific offense (i.e. drug sale) should be disclosed given that none of Mr. Nibbs' convictions are crimes of dishonesty and the similarity of the offenses to the allegations in this case would be irreparably prejudicial. Because that information is sufficient to allow Defendants to attempt to impeach Mr. Nibbs' credibility, Defendants should be prohibited from inquiring into the name of the offense or the underlying details of each incident. The undue prejudice Mr. Nibbs would suffer as a result of such inquiry would substantially outweigh any

additional probative value it might provide. <u>See</u> <u>Daniels</u>, 986 F.Supp.at 251 (limiting Defendant's use of Plaintiff's conviction to fact and date of conviction); <u>Martin v. Nat'l R.R. Passenger Corp</u>., 1998 WL 575183, *4 (S.D.N.Y. 1998)(limiting cross-examination on the subject of a witness' prior conviction to the crime, the court, the sentence and the date of conviction).  Furthermore, any incidental reference to Mr. Nibbs' criminal history in otherwise admissible documents must be properly redacted.

## II.    ALL EVIDENCE OF MARIJUANA USE BY MR. NIBBS SHOULD BE EXCLUDED BECAUSE IT HAS NO PROBATIVE VALUE AND IS UNDULY PREJUDICIAL

All evidence of, reference to or argument concerning Mr. Nibbs' marijuana use should be excluded. This evidence includes, but is not limited to, any reference to marijuana use in his deposition testimony. First, Rule 404(b) precludes Defendants from introducing evidence of Mr. Nibbs' marijuana use. Whether Defendants had probable cause to arrest and prosecute Mr. Nibbs is central to his claims. The reason Defendants give for the stop is that they observed him *selling drugs* to another individual, a fact Mr. Nibbs denies. The jury must engage in an objective analysis to determine the defendants and plaintiff's credibility, and evidence of Mr. Nibbs' prior marijuana use--of which Defendants do not claim to have been aware at the time of his arrest or at any time during his prosecution--is entirely irrelevant to that determination. <u>Zellner v. Summerlin</u>, 494 F.3d 344, 368-69 (2d Cir. 2007). Nor is it relevant to the motive, state of mind or intent of Plaintiff or Defendants – which, in any case, have no bearing on probable cause – or to the issue of damages. The only reason to introduce this evidence is to show propensity to use and/or deal in illegal drugs simply to cast Mr. Nibbs character in an unfavorable light, and thus it should be excluded under Rule 404(b).

Moreover, evidence of past drug use is highly prejudicial, and because it has no probative value here, it must be excluded pursuant to Rules 402 and 403. See U.S. v. Jackson, 2006 WL 1233938, at *2 (S.D.N.Y. May 8, 2006) (excluding evidence of defendant's drug use as unfairly prejudicial). Second, it defies law and logic that evidence of Mr. Nibbs' prior *marijuana use* could be used to impeach Mr. Nibbs when courts have consistently held that *narcotics convictions* have little or no probative value. See Stephen, 2009 WL 1471180 at * 4; United States v. Hayes, 553 F.2d 824, 828 (2d. Cir. 1977)(possession of narcotics ranks low on a scale of probative value for truthfulness). Whether or not Mr.  Nibbs has used marijuana prior to this incident has no bearing on his ability or propensity to testify truthfully in court, and therefore cannot be used to impeach him pursuant to Rule 608.

## III.   REFERENCES TO CERTAIN ASPECTS OF MR. NIBBS' FAMILY AND PERSONAL LIFE ARE IRRELEVANT, PREJUDICIAL AND SHOULD BE EXCLUDED

Defendants should be precluded from making any reference to Mr. Nibbs' child support obligations. During Mr. Nibbs' deposition he was questioned extensively by Defendants' counsel regarding his family. Mr. Nibbs testified that he has three (3) children with three different women, none of which are in his custody.  Additionally, Mr. Nibbs has court ordered child support obligations to the child in the custody of Leticia Taveras.  Further, Ms. Taveras in one of her affidavits and at her deposition testified about the fact that Mr. Nibbs is in arrears in child support obligations to her. Additionally, Ms. Taveras also testified at her deposition as to her low opinion of Mr. Nibbs' character.  Any evidence or testimony regarding Mr. Nibbs' child support obligations or her speculation as to his character has no probative value and can only

result in unfair prejudice to Mr. Nibbs.  As previously stated Mr. Nibbs' character is not

at issue in this case and has nothing to do with the determination of probable cause to

arrest or prosecute as the defendants have already testified that they did not know Mr.

Nibbs or anything about him at the time he was arrested.  It will not assist the jury in

determining any issue relevant to this action, but instead again suggest to the jury – for

reasons not related to the merits of Mr. Nibbs' claim – that he is a "bad man" and should

not be awarded damages and should not be believed.  Finally, character evidence

regarding specific behavior relating to credibility may not proved by extrinsic evidence.

See FRE Rule 608(b) ("Specific instances of the conduct of a witness, for the purpose of

attacking or supporting his credibility, *other* than conviction of crime as provided in rule

609, may not be proved by extrinsic evidence.").  Accordingly, any such evidence should

be excluded under Rule 608(b) and Rule 403 as extremely and unfairly prejudicial.

## IV.    ALLOWING ADA FARRINGTON TO TESTIFY WOULD BE REVERSIBLE ERROR

Under the law of this Circuit, the assistant district attorney's testimony has

absolutely no relevance to the Malicious Prosecution claim and must be excluded as a

matter of law. See Cameron v. City of New York, 598 F.3d 50, 65 (2d. Cir. 2010)("For

all these reasons, we hold that prosecutors' opinions as to probable cause and

complaining officers' credibility are *irrelevant in virtually all cases* involving claims of

malicious prosecution.") (emphasis added).  In fact, the Second Circuit in Cameron

reversed Judge Crotty for his decision to allow the assistant district attorney to testify as

to the elements of probable cause and malice in plaintiff's malicious prosecution claim

because the danger of unfair prejudice of such testimony far outweighed the minimal

probative value of such evidence, noting that:

> If all cases of malicious prosecution were taken to trial, and prosecutors were called to testify about why they had originally pursued certain charges, then…plaintiffs who have legitimate claims of both malicious prosecution and other torts, such as false arrest (which almost always travels in malicious prosecution's sidecar), effectively would be forced to forgo their malicious prosecution claims. Otherwise, such plaintiffs would risk exposing *all* of their claims to *highly prejudicial* testimony from seemingly reputable sources-testimony a district judge would not consider admitting in the absence of the malicious prosecution claim.

Id. (emphasis added).  Accordingly, since the district attorneys testimony would necessarily represent impermissible vouching for the officers credibility and would insurmountably prejudice *all* of the plaintiff's claims in this matter, it must be precluded as a matter of law.

## V.   LETICIA TAVERAS'S TESTIMONY SHOULD BE PRECLUDED AS IRRELEVANT AND PREDJUDICIAL

Under FRE 402 and 403 the testimony of Leticia Taveras must be precluded as it has absolutely no relevance to any claim in this case.  Under the law, the ultimate issue in this case – namely was there probable cause to arrest and prosecute plaintiff – must be judged at the time the arrest was made and may not be retroactively established.  See Moakley v. P.O. "Jane" Velarde, et al., 2002 WL 287848, *3 (SDNY 2002) ("In evaluating whether the officers had probable cause, the Court considers the facts available to them at the time of arrest.") (citation omitted)(emphasis added).  Further, the probable cause determination cannot be made retroactively in order to establish probable cause that was lacking at the moment of the arrest.  See U.S. v. Martinez, 465 F.2d 79, (2d Cir. 1972)  ("This is not to say that a court will indulge in "ex post facto extrapolations of all crimes that might have been charged on a given set of facts at the moment of arrest . . . [for] such an exercise might permit an arrest that was a sham or fraud at the outset, really unrelated to the crime for which probable cause to arrest was

actually present *82 to be retroactively validated."); <u>Morillo v. City of New York, et al.</u>, 1997 WL 72155, *3 (SDNY 1997)("'[O]nly probable cause existing at the time of arrest will validate the arrest and relieve the defendant of liability.'").

In the instant matter, it is undisputed that Ms. Taveras was not present at the time of plaintiffs arrest nor does she have any information relevant to the facts and circumstances of plaintiff's arrest.  Further, Ms. Taveras had no contact with the assistant district attorney at any time during the course of the prosecution.  The only arguably relevant information Ms. Taveras has pertains to the money recovered from plaintiff at the time he was arrested – namely whether or not she gave plaintiff that money.  However, that information is entirely irrelevant in this case due to the simple fact that it is *undisputed* that *none* of that information was *available* or *known* to the officers *at the time of plaintiff's arrest or prosecution*.  Accordingly, it has no relevance or probative value regarding the determination of probable cause to arrest or prosecute.

Additionally, the mere fact that Ms. Taveras may now claim she did not give Mr. Nibbs that money is collateral to determination of probable cause, and as such, the introduction of any *extrinsic* evidence in order to attack Mr. Nibbs' credibility as to a collateral matter is improper as a matter of law.  <u>Walker v. Firestone Tire & Rubber Co.</u>, 412 F.2d 60, 63 (2d. Cir. 1969) ("[A] witness' testimony regarding collateral matters- here an unrelated trial- *may not be refuted by calling other witnesses* or by production of extrinsic evidence....")(emphasis added).

Further, to the extent that her testimony is relevant for impeachment – which it is not – its probative value is so far outweighed by its potential for unfair prejudice, confusion and undue delay that it must be excluded.  If Ms. Taveras is allowed to testify

in this matter it has prejudicial implications not only to Mr. Nibbs but to plaintiff's counsel as she has impugned the integrity, credibility and character of plaintiff's counsel in her second notarized letter written to the City.  If the jury were allowed to hear that evidence it would invite the jury to disregard anything put forth by plaintiff's counsel and prevent the undersigned from meaningfully prosecute plaintiff's claims.   Finally, allowing her testimony would inevitably make both plaintiff and defense counsel witnesses in this case as both would be required to testify regarding the veracity of certain portions of Ms. Taveras's testimony pertaining to the substance of the conversations she had with both plaintiff and defense counsel.[10]   In short allowing her testimony in any form would turn this trial into a proverbial "circus," needlessly distracting the jury from any issues that are *actually relevant* in this case and would unduly delay this trial in order to conduct a "mini-trial" on the issue of Ms. Taveras credibility.  Accordingly, the testimony of Ms. Taveras must be precluded under FRE 403.  See U.S. v. Hatfield, 685 F.Supp.2d 320, 324 (E.D.N.Y. 2010)(precluding a witness from testifying under 403 because "conducting a 'mini-trial' as to whether the Defendants lied to the NASDAQ will necessarily result in '*undue delay*,' while adducing no evidence concerning whether the Defendants committed the charged crimes.")(emphasis added).

## CONCLUSION

Accordingly it is respectfully requested that Your Honor grant plaintiff's motion in its entirety as plaintiff will undoubtedly be unable to obtain an impartial trial if any of

---

[10] Ms. Taveras has alleged that one or both of the partners of Cohen & Fitch LLP coached and coerced her into writing a notarized letter regarding the source of the money recovered from Mr. Nibbs.  She has also denied the substance of conversations that she had with myself, Joshua Fitch, when I was attempting to recover her money from the Bronx District Attorney.

this evidence is disclosed to a jury.  None of this evidence is probative of any issue that is necessary to resolve the factual disputes regarding Mr. Nibbs' December 23, 2009 arrest and related criminal charges. It is irreparably prejudicial to the plaintiff and if it is admitted will serve only to do what defendants wish – namely conduct a referendum on plaintiff's character and criminal history, distract the jury and gain a defense verdict based on plaintiff's criminal history. The single relevant inquiry in this case is not – as defendants would suggest – whether defendant has *always* lived a law abiding existence, but instead whether the defendant committed any of the acts alleged **on December 23, 2009**.  As such, for all of the foregoing reasons, it is respectfully submitted that plaintiff's motion in limine be granted  in its entirety and that this Court should grant such other and further relief as it deems just and proper.

Dated: New York, New York
      August 22, 2011

                                    Respectfully submitted,

                                    COHEN & FITCH LLP

                         By: _____/S_____
                              JOSHUA P. FITCH (JF-2813)
                              COHEN & FITCH LLP
                              Attorneys for Plaintiff
                              225 Broadway, Suite 2700
                              New York, N.Y. 10007
                              (212) 374-9115
                              jfitch@cohenfitch.com